EBEN D. JORDAN & al. *versus* ISAAC N. PARKER.

Merchandize purchased upon a credit through the fraudulent representation of the vendee, and, after delivery, attached by prior creditors, may be replevied from the attaching officer by the vendor.

ON EXCEPTIONS.

REPLEVIN of a lot of merchandize, of the alleged value of $800.

The presiding Judge ruled that the facts offered by the plaintiffs, if proved, would not be sufficient to maintain the issue on their part; and no other evidence being offered, a nonsuit was ordered, which was to be taken off and the action stand for trial, if, in the opinion of the full Court, the nonsuit was not legal. The facts will be found in the opinion.

*C. Record*, for the plaintiffs.

*N. Morrill*, for the defendant.

When a sale of personal property has been effected by the fraudulent representations of one party, it is not *ipso facto* void, but is voidable at the option of the other party. The seller may affirm or disaffirm the contract; the election is with him. *Titcomb* v. *Wood*, 38 Maine, 361; Chitty on Contracts, (10th Am. Ed.,) 430; Hilliard on Torts, c. 1, § 16; *Mason* v. *Bovet*, 1 Denio, 69.

A party who would rescind a sale on the ground of fraud on the part of the purchaser, must act promptly, and claim

the property sold. He must rescind *in toto*, and thus place the other party in the position he was before the sale. 1 Mass. Dig., tit. Contract VI, Recision, § 401; 2 Abbott's New York Dig., page 108, tit. Contract, Recision, § 977; *Wheaton* v. *Baker*, 14 Barb., 594; *Coolidge* v. *Bridgham*, 1 Met., 541; *Cutler* v. *Gilbreth*, 53 Maine, 176.

The evidence offered shows no recision, or notice of recision or claim for the goods.

Replevin for goods sold by reason of fraudulent representations of the purchaser cannot be maintained by the seller until the contract is rescinded. *Thayer* v. *Turner*, 8 Met., 550; *Coolidge* v. *Bridgham*, 1 Met., 547; *Young* v. *Norton*, 3 Greenl., (2d Ed.,) 30, and cases cited in note.

APPLETON, C. J.—This is an action of replevin. The plaintiffs offered to prove that one Alonzo P. Moore, on the eleventh day of April, and on the first day of May, A. D. 1868, purchased a quantity of dry goods of the plaintiffs in Boston; that, at the time of these purchases, Moore falsely and deceitfully represented the amount of his then present indebtedness and the amount of property he was worth, and his ability to pay for the goods thus purchased; that they were induced to sell said goods to him on credit, by means of said false and fraudulent representations; and that the plaintiffs, claiming they had a right, by reason of said fraud and deceit, to reclaim said goods, on the nineteenth day of May, 1868, replevied them from the defendant, who is sheriff of the county of Androscoggin, and who had attached and taken possession of them on writs of divers other creditors of Moore. This evidence the presiding Justice excluded.

The defendant is not a *bona fide* purchaser nor is he entitled to the rights of one. He represents only the rights of Moore. The goods were sold on credit. It does not appear that any note was given therefor. If no note was given, there was nothing to return to effect a recision. Obtaining goods by fraudulent pretenses is a tortious taking, and no demand is necessary to enable the person defrauded

to maintain replevin for the goods. *Ayers* v. *Hewett*, 19 Maine, 281; *Thurston* v. *Blanchard*, 22 Pick., 18. One who, by the form of a sale, fraudulently obtains possession of chattels, with the intent never to pay for them, has no property which his attaching creditor can hold against the vendors. *Buffington* v. *Gerrish*, 15 Mass., 156; *Wiggin* v. *Day*, 9 Gray, 97.

Even if a note had been given, it would have been sufficient if the plaintiffs tendered it at the trial. *Ayers* v. *Hewett, supra.*                    *Exceptions sustained.*

CUTTING, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.