WILLIAM H. GOODGER ET AL., Defendants in Error, *v.* JOHN FINN, Plaintiff in Error.

April 12, 1881.

1. Bringing suit in *assumpsit* before notice of facts warranting a rescission, is not conclusive of an election to affirm, except where the rights of innocent third parties have intervened; and attaching creditors do not come within this exception.

2. Where an instruction is offered, and is modified and changed by the court and then given, the instruction asked is refused, and the record should show that fact: the appellate court will not regard marginal statements that such change or modification was made by interlineation.

3. If the defendant desires to save the point raised by his demurrer to evidence, he must stand upon his demurrer; by proceeding further with the case and submitting it to a jury, he waives the point.

4. An assignee of property converted and of the right of action therefor, may maintain an action for the property and for damages, in his own name.

5. Where parties have gone to trial on issues clearly made by the instructions, and there is no claim of surprise, the appellate courts will not look into the paper issues, if the petition will support the judgment.

ERROR to the St. Louis Circuit Court, WICKHAM, J. *Affirmed.*

H. E. MILLS, for the plaintiff in error: To recover upon an issue of fraud, or of rescission, these facts must be clearly pleaded.—*Schultz* v. *Christman*, 6 Mo. App. 344; *Duffy* v. *Byrne*, 7 Mo. App. 7; *Kenney* v. *Jones*, 50 Mo. 316; *Wells* v. *Jewett*, 11 How. Pr. 242; *Fox* v. *Webster*, 46 Mo. 184. Attachment and replevin cannot be maintained at the same time. — *Seligman* v. *Kalkman*, 8 Cal. 207. The suit in attachment was an affirmance of the sale. — *Gray* v. *St. John*, 35 Ill. 239. And lost to the vendor his right to rescind. — *Brinley* v. *Tibbetts*, 7 Me. 70; *Hoffman* v. *Noble*, 6 Metc. 74. An action in *assumpsit* is an affirmance of the contract. — *Strutt* v. *Smith*, 1 Cromp. M. & R. 312; *Bradbury* v. *Aderton*, 1 Cromp. M. & R. 482; *Allen* v. *Ford*, 19 Pick. 217; *Butler* v. *Hildreth*, 5 Metc. 49. Having thus affirmed the contract, the vendor cannot reclaim the goods. — *Bank* v. *Beale*, 34 N. Y. 475; *Lloyd* v. *Brewster*, 4 Paige, 537; *Jenkins* v. *Simpson*, 14 Me. 364; *Westfall* v. *Peacock*, 63 Barb. 209; *Morris* v. *Rexford*, 18 N. Y. 556; *Kennedy* v. *Thorp*, 51 N. Y. 174.

JOHN A. HARRISON and B. R. DAVENPORT, for the defendants in error: That defendants in error had the right to rescind the sale, and reclaim the goods in controversy, under the circumstances of fraud detailed in evidence, is well settled. — *Bidault* v. *Wales*, 20 Mo. 546; *Fox* v. *Webster*, 46 Mo. 181; *Stewart* v. *Emerson*, 52 N. H. 301. Upon discovering the fraud which had been practised upon them in the sale, defendants in error had their election to rescind or affirm the sale, and this right continued until they did the one or the other. Acts of confirma-

tion of the sale did not bind them, unless, when they did such acts, they were fully apprised of the fraud. In the nature of things there could be no election until they were aware of the fraud ; and whether they had such knowledge when they commenced their attachment suit, was a question of fact which the court below, by its instructions, properly submitted to the jury. The bringing of that suit, in ignorance of the fraud, was not binding upon them as an affirmance of the sale. — *Clough* v. *Railroad Co.*, L. R. 7 Exch. 26 ; *Green* v. *Russell*, 5 Hill, 183 ; *Shackelford* v. *Handley*, 1 A. K. Marsh. 495 ; *McKee* v. *Gilchrist*, 3 Watts, 230 ; *Pierce* v. *Wilson*, 34 Ala. 596 ; *Johnson* v. *Johnson*, 5 Ala. 90 ; *Kinney* v. *Kiernan*, 49 N. Y. 184 ; Benj. on Sales, sect. 442. The defendant, and the creditors at whose suits he seized the goods in controversy, had no other rights in the case at bar, than the Altheimers would have had, had they been defendants instead of the sheriff ; and the governing principles are those applying between a vendor and his fraudulent vendee. — *Devoe* v. *Brandt*, 53 N. Y. 462 ; *Wiggin* v. *Day*, 9 Gray, 97 ; *Field* v. *Stearns*, 42 Vt. 106 ; *Jordon* v. *Parker*, 56 Me. 557 ; *Buffington* v. *Gerrish*, 15 Mass. 156.

BAKEWELL, J., delivered the opinion of the court.

This is an action of replevin instituted on November 12, 1879, against Finn, sheriff of the city of St. Louis. The firm of Goodger & Scofield, of which firm plaintiffs are assignees and successors in business, in September, 1879, sold to G. L. & S. B. Altheimer a lot of boots and shoes. Goodger & Scofield were doing business in Rochester, New York. Their agent, before the sale, made inquiries which satisfied him of the responsibility of the Altheimers. Toward the end of October, 1879, several creditors of the Altheimers sued that firm by attachment, and seized their stock in trade, including the goods in controversy. On November 1st, plaintiffs also sued the Altheimers by attach-

ment, on the ground of fraudulent conveyance and conceal-ment of their property. Twelve days after thus suing by attachment, plaintiffs began the present action of replevin, to recover a portion of the goods sold. The attachment suit was dismissed by plaintiffs on March 25, 1880.

There is testimony tending to show that plaintiffs directed their attorney to dismiss the attachment at the time the re-plevin suit was begun ; that the Altheimers, at the time of the sale of these goods, fraudulently represented to plain-tiffs their capital stock to be much larger than it was ; that they bought the goods in controversy and other goods, not intending to pay for them, but to sell them below the mar-ket price and keep the proceeds ; that they were, before the attachments, fraudulently and secretly shipping goods to distant points, and selling them, at auction and otherwise, for any price they could get ; that their business, in short, was a fraudulent combination to get all the goods they could on credit, by false representations as to their capital, and to make money by forcing their creditors to a compromise. There is also testimony tending to show that, at the time of bringing the attachment, plaintiffs, though they then knew that the Altheimers were fraudulently disposing of their stock, had not learned anything which led them to believe that the representations on which the goods were bought were false, or that the Altheimers did not then intend to pay for the goods ; that, after the attachment, by diligent inquiry amongst other attaching creditors, plaintiffs came to the knowledge of facts which, for the first time, led them to believe that the Altheimers had made fraudulent repre-sentations at the time of the purchase as to their capital, and that they had no intention to pay when they bought the goods. There was a verdict and judgment for the plain-tiffs.

If the Altheimers fraudulently obtained possession of these goods with the intent of never paying for them, or upon a credit obtained through their fraudulent representa-

tions, the sale was voidable, and the vendors might enforce or rescind it at their election. Had they sued for the price after knowledge of all the facts, that would be strong evidence of affirmance ; as an action of replevin for the goods themselves would be a disaffirmance. It has been denied that *assumpsit* brought after knowledge of all the facts would be conclusive of an affirmance, so as to warrant the court in refusing to submit the question to a jury. — *Green* v. *Russell*, 5 Hill, 183 (per Nelson, J.). But, clearly, the bringing of the attachment before notice of the fraud, could not be conclusive of an election to affirm, where the rights of innocent third parties had not intervened ; and attaching creditors do not come within the exception. *Bidault* v. *Wales*, 20 Mo. 546 ; *Jordan* v. *Parker*, 56 Me. 557 ; *Thurston* v. *Blanchard*, 22 Pick. 18 ; *Wiggin* v. *Day*, 9 Gray, 97 ; *Bulkley* v. *Morgan*, 46 Conn. 393 ; Benj. on Sales, sects. 433, 442.

The facts were for the jury, and were found against the defendant on instructions which put the case fairly enough to the triers of the fact. The jury were told that the right to rescind was gone if the attachment suit was begun with notice to plaintiffs of the facts that warranted a rescission of the sale.

In his brief, counsel for plaintiff in error complains that instructions offered for defendant were refused as offered, and given by the court as its own, with material alterations. No such fact appears by the record. We can pay no attention to certain marginal notes in red ink, which may or may not be intended to convey the meaning which we must suppose counsel attributes to them. Where an instruction is refused as asked, it is refused. If the court changes the instruction, the instruction as then given is another and different instruction, given by the court of its own motion, and the instruction originally asked is refused.

At the close of plaintiff's case the court refused an instruction in the nature of a demurrer to evidence. If the

defendant was of opinion that the plaintiff's case was not made out, he might have saved the point by standing on his demurrer and abandoning the case at that point. The question before us as the case now stands, is, not whether the plaintiff had made out his *prima facie* case when he announced his case as closed, but whether, on the entire evidence, the court did right in submitting the case to the jury.

The court properly refused an instruction to the effect that if plaintiffs are assignees of the original vendors, they cannot maintain replevin. The assignee of property converted, and of the right of action therefor, may maintain an action for the property, and for damages, in his own name. *Smith* v. *Kennett*, 18 Mo. 154.

The issue of fraud was clearly made by the instructions. If plaintiffs desired to claim that the pleadings gave them no proper notice of the character of the controversy, they should have taken the proper steps below to save the point. Rev. Stats., sect. 3565; *Clements* v. *Maloney*, 55 Mo. 352; *Shelton* v. *Durham*, 7 Mo. App. 585. If parties have gone to trial on issues clearly made by the instructions, and there has been no claim of surprise, we will not look into the paper issues where the petition will support the verdict and judgment. An action of trover or replevin is, however, a usual way of disaffirming a contract of sale on the ground of fraud; we are not to be taken as intimating that, in such an action, fraud must be set out as in an action for deceit.

We see no ground for reversing the judgment. Judgment affirmed. All the judges concur.