Bambrick v. Simms.

---

BAMBRICK *et al.* v. SIMMS, *Appellant.*

1.   **Pleading:** ACCOUNT STATED. An amended petition stated that plaintiffs ( constituting two members of a partnership ) paid the whole loss of a firm venture, that on a day named the firm accounts were adjusted, that the amount due from each partner was ascertained, and that defendant ( a third partner ) agreed to pay plaintiffs their share of the loss. *Held* the petition stated a cause of action on an account stated.

2.   **Account Stated.** Where persons who have had transactions together close the accounts between them by an agreement to a balance to be due from one of them, it will constitute an account stated.

3.   ———. A mere balance sheet showing the state of the firm's affairs, and not purporting to be a statement of the accounts of the partners as between themselves, will not constitute an account stated.

4.   **The Evidence** in this case examined and found not to support an account stated as charged in the petition.

*Appeal from St. Louis City Circuit Court.*—Hon. G. W. Lubke, Judge.

Reversed and remanded.

*Geo. E. Smith* for appellant.

(1) The entire evidence put in by both sides at the trial did not tend to show a settlement and adjustment of the partnership and individual accounts, and a balance struck between these partners, resulting in an account stated. "Whether on a given state of facts the transaction amounts to an account stated, is a question of law and not of fact." *Lockwood v. Thorne*, 11 N. Y. 170; s. c., 62 Am. Dec. 81; *Toland v. Sprague*, 12 Peters, 300. (2) An account stated is defined to be an agreement between persons who have had previous transactions fixing the amount due in respect of such transactions and promising payment, as distinguished from a mere admission or acknowledgment. It is a new cause of action. It is not now regarded as a contract upon a new consideration, and does not create an estoppel, but it establishes *prima facie* the accuracy of the items without further proof. *McKinster v. Hitchcock*, 26 N. W. Rep. (Neb.) 705; Abbott's Trial Evidence, 458; *Wharton v. Anderson*, 28 Minn. 301; *Brown v. Kimmel*, 67 Mo. 430; *Powell v. Railroad*, 65 Mo. 658; *Hanson v. Jones*, 20 Mo. App. 595; *Alexander v. Clark*, 83 Mo. 481; *Ferguson v. Wright*, 61 Penn. St. 258; *Burns v. Nottingham*, 60 Ill. 531; *Edwards v. Remington*, 51 Wis. 336; *Buell v. Cole*, 54 Barb. (N. Y.) 353. (3) The question presented is whether or not, taking into consideration all the facts and circumstances proved at the trial, they amount in law to a final settlement of the partnership accounts and affairs of this firm and an account stated. There was, and is, no dispute as to the fact that statement B was made out from the books of the firm in the fall of 1878; the witnesses

on both sides testified to the fact, and the defendant himself put the paper in evidence.

*Julian Laughlin* for respondents.

(1) The parties as shown by the evidence had an accounting in September, 1878, and the amount of the loss was stated satisfactorily to plaintiffs and defendant. (2) Plaintiffs assumed the payment of such loss in 1878, at the request of the defendant, and did, in fact, pay the same. (3) No attempt was made by defendant to open, surcharge or falsify the account stated. He simply deemed that such accounting was had. (4) A jury was waived in the case, and the facts submitted to the court, and the supreme court will not review questions of fact or weight of evidence. *Erskine v. Lowenstein*, 82 Mo. 301 ; *Judy v. Bank*, 81 Mo. 404 ; *Parke v. Thomson*, 81 Mo. 565 ; *Royle v. Jones*, 78 Mo. 403 ; *Chapman v. McIlwrath*, 77 Mo. 39.

BLACK, J.—In February, 1878, Timothy Moraghan, James S. Simms and Patrick Bambrick formed a copartnership under the firm-name of Moraghan, Simms & Co., for the purpose of building six miles of railroad under contracts with the Chicago & Alton Railroad Company.

In April, 1886, Bambrick and the administrator of Moraghan commenced this suit against Simms in the St. Louis circuit court to recover one-third of the losses sustained in the venture. The petition was at first based on an open account. In October, 1886, an amended petition was filed, upon which the cause was tried, which states that Bambrick and Moraghan paid the whole of the loss of the venture, namely, $24,069.59, on the thirtieth of September, 1878 ; that on that day the partnership accounts were adjusted ; that the amount due from each partner was ascertained ; and that Simms agreed to pay to Bambrick and Moraghan his share of the losses, that is to say, $8,023.17, which he had failed to do. In short, the amended petition

sets up an account stated. The important question in the case is whether the evidence sustains the cause of action as thus stated.

Moraghan, Simms & Co. entered upon the execution of their contract with the company about the first of March, 1878, and during that and the following month made good progress, and were making money. In May the laborers struck, thus delaying the work. The engineer of the company concluded the work was not progressing fast enough, and under the powers vested in him by the contract placed one Henry on the work as the representative of the company. Henry procured men and teams at a heavy expense which was charged up to the contractors who still remained in the nominal charge of the work. The work was completed about the last of August. The creditors of the contractors, who had no lien on the railroad for supplies furnished, were demanding payment. Simms insisted that the firm had not been fairly dealt with by the company ; that they were entitled to larger and better estimates than the engineer had given them. With a view of getting increased estimates the contractors, their bookkeeper, Henry and a committee of the creditors got together and made up a statement of the affairs of the partnership. On October 16, 1878, Moraghan and Simms took this statement to Chicago with a view of getting a settlement with the company ; but Moraghan declined to allow the company to examine the firm books, and thereupon the company sued the contractors for some $12,000, because of moneys alleged to have been paid out for them in excess of the contract price of the work. Service was had upon Simms only, and it is agreed that that suit is still pending. Simms came back to St. Louis insolvent, and then went West, occasionally returning to this state.

It is the statement of the firm affairs before mentioned, made in October, 1878, which plaintiffs rely

upon as an account stated. The plaintiffs did not put that statement in evidence, but witnesses were allowed to state what occurred when it was made, and then give the footings by looking at the paper. The defendant, however, put the paper in evidence ; and in one column is shown the monthly expenses of doing the work, and in the other is shown the monthly estimates, including an item for tools returned, the difference being $24,069.59, which represents the loss. This loss includes debts owing by the firm which had not been paid when the statement was made, and there is much reason to believe there is included in it the amount which the company paid out in excess of the contract price of the work. Some of the debts due to persons who furnished supplies were at a much later date compromised and paid by Bambrick and Moraghan. Simms put into the work of his own money $2,000, and the other partners put in $2,500. Simms had nothing left with which to pay his share of the debts, but he urged Bambrick to settle them, and promised to pay his share as soon as he could raise the money.

Where persons, who have had transactions together, close the accounts by agreeing to a balance which appears to be due from one of them, this will constitute an account stated. 1 Am. & Eng. Ency. of Law, 110 ; *May v. Kloss*, 44 Mo. 300 ; *Railroad v. Kimmel*, 58 Mo. 83 ; *Lockwood v. Thorne*, 62 Am. Dec. 81, note. But what does the statement relied upon in this case show ? It is a statement of the receipts and expenses of Moraghan, Simms & Co. in the work done under the contracts with the railroad company. It is nothing more or less than a balance sheet showing the then state of the firm affairs. Is is not, nor does it profess to be, a statement of the accounts of the partners as between themselves. If Simms agreed to the entire statement, still it does not follow that he then owed or now owes the plaintiffs the sum of $8,023.17.

So much for the statement when considered by itself; but the same result the more clearly appears, when it is examined in the light of the evidence. In the first place the averment in the petition, that this loss of $24,069 was paid at the time the statement was made is disproved by the evidence on both sides. The loss was represented, in part at least, by outstanding and unpaid firm debts. It seems to be assumed by the plaintiffs that because this balance sheet shows a large loss, that defendant would owe them the one-third thereof, and that, too, before plaintiffs had paid the debts estimated, as part of the loss. Doubtless these parties might have agreed that plaintiffs should pay all the debts, and that defendant would pay them the one-third of the estimated loss, but neither the statement nor the evidence shows any such an agreement. In the next place the evidence does not show that the parties stated any account as between themselves. What Simms would owe the plaintiff depended upon the debts which they thereafter paid, and upon the then existing accounts as between the partners. We find nothing in the case which has the semblance of a debt due by Simms on a stated account.

But it seems to be urged that Simms, in October, 1878, and subsequently, agreed to pay the plaintiffs one-third of $24,069, and that he should pay them that amount in any event. Mr. Bambrick being asked what Simms said about his share of the loss said : "Nothing except this : On the day he went to Chicago, he borrowed ten dollars of me, and he said 'there is a prospect that I never will be able to pay you back this, or the amount of the loss on the contract, my part of it, but, if ever I am able to pay it, I will pay every dollar of the loss.'" We do not see how this language can make Simms do more than he was in duty bound to do, namely, pay his proper share of the losses.

When Simms was first served with summons, and a copy of the petition in this case, he went to the office

of the attorneys who brought the suit. One of them says, Simms said it was unnecessary to bring the suit; that he had always intended to settle ; that he did not want to go to the expense of employing a lawyer ; that he was then going to Arizona and would be back in June or July, 1886, and if the plaintiffs would not press their suit he would " pay his share as he had agreed to do," and accordingly the suit was laid over for his accommodation. It also appears, that he then spoke about the railroad suit then pending against him, and of another suit pending against him in New Mexico on some of the old partnership debts, and he wanted these suits out of the way. It appears to have been the understanding that Bambrick would send him a statement of debts which he had paid, but this was never done. There is much other evidence, but in our opinion it shows and shows only that Simms agreed to pay his just proportion of the losses on an adjustment of the accounts between the partners, and that an accounting cannot be avoided by declaring an account stated. The judgment is reversed and the cause remanded. All concur.