BAMBRICK, *Administratrix, et al., Plaintiffs in Error,*
v. SIMMS.

### Division Two, December 23, 1895.

1. **Partnership:** UNADJUSTED ITEM: ACTION AT LAW. One partner may sue another in an action at law where the transaction relates to one unadjusted matter growing out of the partnership transactions.

2. ———: SETTLEMENT OF ACCOUNTS. A statement of receipts and expenditures made out for the purpose of ascertaining the loss of the firm does not constitute a settlement of the partnership accounts or the statement of an account as between its members.

3. ———: ———. The evidence in this case examined and *held* not to show a settlement of partnership accounts and a promise by one partner to pay a remainder due the other.

*Error to St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Julian Laughlin, Robert L. McLaran,* and *Adiel Sherwood* for plaintiffs in error.

(1) Partners must assent to a final balance before any one of them can be held in an action at law. And to constitute such final balance, it must have received the assent of the partners, so as to bind them to an admission of its correctness. 2. Bates on Partnership, p. 906, sec. 860. (2) If a bookkeeper, an employee of such partnership, states the account at the request of the parties, it is *prima facie* evidence of an adjustment. *Goodwin v. Armstrong,* 19 Ohio, 44; *Harris v. Harris,* 39 N. H. 45; *Judd v. Wilson,* 6 Vt. 185; *Morrow v. Riley,* 15 Ala. 710; *Andrews v. Allen,* 9 S. & R. 241, and cases cited; *Ozeas v. Johnson,* 1 Binn. 191;

*Jacques v. Hulit*, 16 N. J. L. 38; *Dickinson v. Granger*, 18 Pick. 315. (3) One partner may sue another in an action at law where the transaction relates to one single unadjusted venture. *Pettingill v. Jones*, 28 Kan. 749; *Dale v. Thomas*, 67 Ind. 570; *Feurt v. Brown*, 23 Mo. App. 332; *Fry v. Potter*, 12 R. I. 542; *Williams v. Henshaw*, 11 Pick. 79; *Bethel v. Rankin*, 57 Mo. 466; *Buckner v. Rees*, 34 Mo. 357; *Byrd v. Fox*, 8 Mo. 574.

*Geo. E. Smith* for defendant in error.

(1) There was no evidence given by the plaintiff at the trial tending to show a partnership settlement and account stated. (2) There was no evidence tending to show that plaintiffs agreed with Simms that they would assume the firm debt, or that Simms agreed and promised to pay them one third of the aggregate loss shown by the balance sheet if plaintiffs would assume and pay the debts of the partnership then outstanding. (3) The trial court did not err in declaring, as matter of law, that upon the evidence introduced by them, the plaintiffs were not entitled to recover.

BURGESS, J.—This case was before this court on a former occasion on defendant's appeal (102 Mo. 158), to which reference may be had for a statement of its facts. The judgment of the court below was reversed and the cause remanded. Patrick Bambrick has since deceased, and the suit has been revived in the name of Rosa Bambrick, his administratrix.

After the case was remanded, the plaintiffs filed their sixth amended petition on which the trial was had, and in which it is alleged, "that said firm suffered a loss in doing said work of about $24,000; that Bambrick and Moraghan, and defendant Simms, were equal

partners in said venture, each being entitled to one third of the profits thereof, and each being liable for one third of the losses thereof; that on or about the thirtieth day of September, 1878, all of the accounts of said Moraghan, Simms & Company were agreed on and adjusted, the whole amount of such loss ascertained and then and there agreed on by said Moraghan, Simms & Bambrick; that the amount found to be due from said Simms was ascertained, stated, fixed, and agreed to be the sum of eight thousand and twenty-three dollars and nineteen cents ($8,023.19), which sum said Simms then and there promised to pay to said Moraghan & Bambrick; that a large sum of money remained due and unpaid to the creditors of said firm, to wit, about $8,000; that said Simms, on the — day of October, 1878, offered to pay to said Moraghan & Bambrick the stated sum of eight thousand and twenty-three dollars and nineteen cents ($8,023.19), with legal interest thereon, as soon as he should be able to do so, if said Moraghan &.Bambrick would assume payment of the outstanding debts of said Moraghan, Simms & Company, as shown on the books of said firm, and in the account so stated; that at the special instance and request of defendant Simms, as aforesaid, and in consideration of the promise so made by said Simms to pay said stated sum of $8,023.19 and interest, said Moraghan & Bambrick did assume payment of the debts of said firm in the account so stated, and did afterward pay off and satisfy the same; that said Simms, instead of paying to said Moraghan & Bambrick the sum so promised by him, failed, neglected and refused, and has ever since failed, neglected, and refused to pay same, or any part thereof, although the same is long since due and unpaid." Defendant's answer is a general denial.

The trial was had to a jury, and after all of plaintiffs' evidence had been introduced defendant asked an instruction in the nature of a demurrer to the evidence which was given, whereupon plaintiffs took a nonsuit with leave, and, upon refusal by the court to set the nonsuit aside, they saved their exceptions and bring the case to this court by writ of error.

The controlling question in this case is as to whether or not there was ever a settlement of the partnership accounts between Moraghan, Simms and Bambrick, on which there was found to be a certain sum due by him to them and a promise by Simms to pay them such sum.

It is well settled that one partner may sue another in an action at law where the transaction relates to but one single unadjusted matter growing out of the partnership transactions (*Buckner v. Ries*, 34 Mo. 357; *Byrd v. Fox*, 8 Mo. 574); but that is not the case with which we have to deal. Here, there was a partnership with respect to one enterprise it is true, to wit, for the purpose of constructing six sections of railroad, but out of which grew very many business transactions pertaining to different matters, such as usually grow out of and are connected with such ventures, including the respective amounts paid into the firm by each one of its members, and as to whether the loss of several thousand dollars in cash, which the evidence tended to show was received by Moraghan at one time and not accounted for, was to be sustained by him, individually, or shared equally by the members of the firm.

After the work had been done, Mr. Glaze, the bookkeeper for Moraghan, Simms & Bambrick, made out a statement of receipts and expenditures for work done under their contract for the Chicago & Alton Railroad Company, to be taken by Simms and others to Chicago, and which they did take, with the view of

getting additional pay from said railroad company for work done under their contract, on the ground that improper estimates had been made of their work by the engineer of the railroad company. This statement shows a loss by Moraghan, Simms & Company under their contract of $24,069.59, one third of which the evidence tends to show Simms promised to pay Moraghan & Bambrick.

Bambrick testified on the first trial (and being dead his evidence given on that trial and preserved in the bill of exceptions was read on the last) that on the day Simms went to Chicago he borrowed $10 of him and he said, "there is a prospect that I never will be able to pay you back this, or the amount of the loss on the contract, my part of it, but, if ever I am able to pay it, I will pay every dollar of the loss." There was evidence tending to show that Simms had stated that he intended to pay Bambrick his part of the loss. After this statement was made out Bambrick paid out several thousand dollars of his own individual funds in liquidation of the firm debts.

The statement does not purport to be a settlement of the business of the firm, as between the members; but is simply a statement of its receipts and expenditures.

It was held in *Bambrick v. Simms*, *supra*, that, "if Simms agreed to the entire statement, still it does not follow that he then owed or now owes the plaintiffs the sum of $8,023.17," and only shows "that Simms agreed to pay his just proportion of the losses on an adjustment of the accounts between the partners, and that an accounting can not be avoided by declaring an account stated."

The statement was not made out with the view of a settlement between the partners, but for the sole purpose of ascertaining the loss of the firm on their con-

tract, that the account thus stated might be used in an effort to get a more favorable adjustment of their matters with the railroad company.   In no sense was it a settlement of the partnership accounts between the members of the firm, or the statement of an account as between them.

The evidence on the last trial was not materially different from what it was on the first, so far as appears from the facts stated in the opinion, and following the law as therein announced we affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.