The State *v.* Murphy.

*Per Curiam.*—The judgment below is reversed, with costs.

*Oscar B. Hord,* Attorney General, for the appellant.

*McDonald & Roache, J. Brownlee,* and *W. P. Fishback,* for the appellee.

---

THE STATE *v.* MURPHY.

CRIMINAL LAW AND PRACTICE.—For the requisite averments in an indictment for assault and battery with intent to commit a felony, see the opinion at length.

SAME.—In an information for an assault and battery, it should be averred that the offence was committed in an unlawful manner.

APPEAL from the *Daviess* Circuit Court.

HANNA, J.—In this case an indictment charged that the defendant on, &c., at., &c., "did then and there in and upon one *H. M.,* then and there being, make an assault, and him, the said *H. M.,* he the said, &c., did then and there strike, beat and wound, in a rude and insolent manner, with the intent then and there, the said *H. M.,* purposely, feloniously, and with premeditated malice, to kill and murder," &c. On motion the indictment was quashed.

It is urged that the indictment should have named the instrument with which the battery was committed, and have alleged that it was so committed unlawfully.

The statute provides that, "every person who in a rude, insolent or angry manner, shall unlawfully touch another shall be deemed guilty of an assault and battery." 2 G. & H. 459. And again, "every person who shall perpetrate an assault, or an assault and battery, with intent to commit a

felony, shall," &c.  *Id.* 438.  And again, "if any person of sound mind shall purposely, and with premeditated malice, kill," &c.  *Id.* 435.

This is classed with felonies.  And again, "the defendant may be found guilty of any offence, the commission of which is necessarily included in that with which he is charged in the indictment."  *Id.* 406.

It has been repeatedly held, under these statutes, that a man may be acquitted of the intent and found guilty of the assault and battery, on a charge of an assault and battery with intent to murder.  9 Ind, 363; *id.* 380.'

The question in the case at bar is, whether, in view of these statutes and the decisions under them, the assault and battery is sufficiently charged.  We are of opinion that it is not in the part charging the assault and battery, when considered alone.  We have a law which requires that every criminal offence shall be defined by statute.

Assault and battery is so defined, and consists in the unlawful touching of the person of another in a rude, &c., manner.  Touching, beating, &c., in the manner indicated in the statute, are acts charged to have been committed, but whether unlawfully, or in the exercise of a lawful right, we are not informed.  So much for that part charging the assault and battery.  The intent with which these acts were performed is sufficiently averred to have been to commit a murder in the first degree.  The question arises, whether the averment in that part charging the intent "purposely and feloniously, and with premeditated malice, to kill," &c., relates back to the former part of the indictment, or in any manner cures the defect we have already noticed as existing in the attempt to charge the assault and battery.

We are of opinion that, taking the whole indictment together, it is sufficiently shown and charged that the acts performed, to-wit, the assault, &c., were unauthorized and

unjustifiable, in other words, were unlawful, although that precise word is not used. One man can not strike another with the malicious and premeditated intent to murder him— murder being a technical term—without so doing unlawfully. Therefore, to charge that he did the act and with the intent set forth in the indictment, it appears to us, is tantamount to charging the act in the language of the statute, as unlawful, especially in view of the fact that the exact language of the statute, defining the offence, need not be adopted or incorporated in the indictment.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.

*Oscar B. Hord,* Attorney General, and *R. A. Clement, Jr.,* Prosecuting Attorney, for the State.

*John Baker* and *James T. Pierce,* for the appellee.