Filed Oct. 15, 1886.

---

No. 13,241.

## FRANKLIN v. THE STATE.

CRIMINAL LAW.— *Information.*— *Description of Offence.*— *Omission of Word "Unlawful."*— *Use of Equivalent Words.*—An information charging assault and battery with intent to murder is not bad for omitting the word "unlawful" from the description of the offence, if words of equivalent meaning are used.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

ELLIOTT, J.—The information assumes to charge the appellant with assault and battery with intent to murder, and his counsel assert that it is bad for the reason that it omits the word "unlawful" from the description of the offence. This contention can not prevail.

It is well settled that an indictment or information will be upheld if it uses words of equivalent meaning to those employed by the statute in defining the offence. *Henning v. State,* 106 Ind. 386; *Riggs v. State,* 104 Ind. 261; *State v. Anderson,* 103 Ind. 170, and cases cited. The word "feloniously" is used instead of the word "unlawful," and it is a word of much more force and more comprehensive meaning than the word "unlawful." *Shinn v. State,* 68 Ind. 423;

*Hays* v. *State*, 77 Ind. 450; Whart. Crim. Pl. & Pr., section 269.

It is obvious that an act can not be feloniously done, and yet not be unlawful. Not only does the information contain the word feloniously, but it also alleges that the appellant " did wilfully, purposely, and with premeditated malice, in a rude, insolent and angry manner, strike one Samuel Watkins with a deadly weapon, with intent then and thereby, him, the said Samuel Watkins, purposely, wilfully and with premeditated malice to kill and murder." And, as said in *State* v. *Murphy*, 21 Ind. 441, " One man can not strike another with the malicious and premeditated intent to murder him—murder being a technical term—without so doing unlawfully."

Judgment affirmed.

Filed Oct. 15, 1886.