Guirl *et al. v.* Gillett.

Filed June 26, 1890.

———————

No. 14,298.

GUIRL ET AL. *v.* GILLETT.

BILL OF EXCEPTIONS. — *Filing with Clerk. — Failure of Record to Show.* — Where it appears from the memorandum of the judge upon the bill of exceptions that the bill was presented to him and signed two days after the transcript had been certified to the Supreme Court by the clerk, and there is nothing in the record or upon the bill showing that it was ever filed with the clerk, no·question is presented on the evidence.

From the Clinton Circuit Court.

*C. W. Griffin, M. Bristow* and *M. B. Beard,* for appellants.

*A. C. Ayres, E. A. Brown, L. M. Brown, J. Q. Bayless* and *S. O. Bayless,* for appellee.

MITCHELL, J.—This was an action by Gillett against William H. Guirl, and two others, partners, doing business under the firm name of W. H. Guirl & Co., to recover the contract price of a turning-lathe sold and delivered by the plaintiff to the defendants.

The plaintiff had a verdict and judgment in the court below. A document purporting to be the long-hand manuscript of the evidence, with a certificate of the official stenographer attached, is certified with the record. This paper has the formal caption of a bill of exceptions, and concludes with the usual statement : " This was all the evidence given in the case." The certificate of the official stenographer is no proper part of a bill of exceptions, and neither adds to nor detracts from its effect. There is no formal conclusion to the bill, but below the certificate, signed by the stenographer, is a memorandum signed by the judge, as follows : " Presented and signed March 14th, 1888." This was within the time limited, and might possibly be held a sufficient compliance with section 629, R. S. 1881, which requires that the date of the presentation shall be stated in the bill of exceptions, but there is nothing anywhere in the record to show that the bill was ever filed with the clerk. Indeed, it is certain, if the dates are correctly stated, that it never was filed with the clerk after it was presented to the presiding judge. The clerk certified the record to this court on the 12th day of March, 1888, and the memorandum of the judge shows that the bill of exceptions was presented to him and signed on the 14th day of March, 1888, two days after the transcript had been certified here. A bill of exceptions only becomes a part of the record after it has been duly presented to the presiding judge, and has been signed and filed by him. The bill itself can not show when it was filed. This must appear

by the record, independent of the bill. *Fulkerson* v. *Armstrong*, 39 Ind. 472 ; 2 Works Pr., p. 99. In the present case there is nothing either in the record or upon or about the bill to afford a hint or suggestion that it was ever filed with the clerk. This condition of the record was pointed out by the appellees in a brief filed more than a year ago, and the point was insisted upon that none of the questions discussed were presented for decision. If it had been thought of sufficient importance the record might have been corrected by application to the court below, so as to have caused it to show the filing of the bill with the clerk. *Rigler* v. *Rigler*, 120 Ind. 431. As this has not been done, it only remains for the court to apply a long settled rule and hold, since it does not appear that a proper bill of exceptions containing the evidence was filed, that the record presents none of the questions discussed for decision.

The judgment is therefore affirmed, with costs.

Filed June 20, 1890; petition for a rehearing overruled Sept. 16, 1890.