No. 787.

## The Franklin Water, Light and Power Company *v.* Rouse.

Bill of Exceptions.—*Presentation, How Shown.—When Part of Record.*
—A bill of exceptions should show the time of presenting the same
to the judge, and it is not sufficient to indorse the time upon the
bill. The presentation of the bill being a vital question, if such fact
is not shown in the bill, the bill can not be a part of the record.

From the Johnson Circuit Court.

*W. J. Buckingham* and *E. F. White,* for appellant.
*S. P. Oyler* and *I. L. Bloomer,* for appellee.

Davis, J.—The errors assigned are:

1. The court erred in overruling the demurrers to the
first and second paragraphs of the complaint.

2. The court erred in overruling the motion for a new
trial.

The first error assigned has been waived by the failure
to discuss it.

The reasons assigned in the motion for a new trial
are:

1. That the damages assessed by the court in said
cause are excessive.

2. The assessment of the amount of recovery is erro-
neous, being too large.

3. The decision of the court is not sustained by suf-
ficient evidence.

4. The decision of the court is contrary to law.

The cause was tried by the court, and resulted in judg-
ment against appellant for one hundred and seventy-four
dollars and forty cents. The motion for new trial was
overruled on the 13th of September, 1892, and appellant
was granted sixty days in which to file a bill of excep-

tions.    On the 31st day of December, 1892, a bill of exceptions, containing the evidence, was filed.    The formal conclusion to the bill of exceptions is as follows: "And the said defendant now tenders his bill of exceptions and prays that the same be signed, sealed and made a part of the record, which is now done, this 30th day of December, 1892.    LEONARD J. HACKNEY, Judge."

The date of the presentation of the bill to the judge does not appear in the bill, but there is an indorsement thereon showing that the bill was received by the judge on the 2d of November, 1892.    The time of the filing of the bill of exceptions in such cases is not, under the statute, a matter of vital importance.    Section 629, R. S. 1881.

If the bill is presented to the judge within the time allowed, and the date of the presentation is stated in the bill of exceptions, such bill, when filed after the expiration of the time granted, is a part of the record.    Section 629, *supra; Hormann* v. *Hartmetz,* 128 Ind. 353 (358); *McCoy* v. *Able,* 131 Ind. 417 (420); *Gish* v. *Gish,* 7 Ind. App. 104.

As said by Judge ELLIOTT, in *Hormann* v. *Hartmetz, supra :* "The statute requires that the time of presenting the bill shall be stated in the bill itself, and under this provision it has been repeatedly held that it is not sufficient to indorse the time upon the bill."

The contention that the evidence in this case is not in the record must prevail, under the authorities cited.

However, before reaching this conclusion, we had carefully read the evidence to which our attention was invited by counsel for appellant, and are of the opinion, if it was treated as being in the record, that the evidence fully sustains the finding and judgment of the trial court.

We find no error in the record that would justify a reversal.

Judgment affirmed, at costs of appellant.

Ross, J., was absent.

