Mason v. Brody et al.

No. 16,462.

MASON v. BRODY ET AL.

BILL OF EXCEPTIONS.—*When in the Record.*—*Stenographer's Longhand Manuscript.*—When the stenographer's longhand manuscript was not filed in the clerk's office until after the time for the filing of the bill of exceptions had elapsed, such manuscript could not form a part of the record because such filing is necessary before it can be incorporated into a bill of exceptions.

From the Porter Circuit Court.

*J. E. Cass, E. E. Weir* and *N. J. Bozarth,* for appellant.

*A. L. Jones,* for appellees.

DAILEY, J.—At the June term, 1891, of the commissioners' court of Porter county, Indiana, the appellees filed their petition before the board, alleging that a certain highway therein described had been in use as such for more than twenty years, but had not been laid out nor recorded, and praying that the same be ascertained, described and entered of record. Appellant appeared to the petition, and contested the proceeding. The board granted the prayer of the petitioners, and ordered that the highway be laid out, and a record made thereof. From this decision of the board the appellant appealed to the Porter Circuit Court, where the cause was tried by a jury, resulting in a verdict for appellees. From the judgment rendered upon the verdict appellant prosecutes this appeal. The first, second, and third assignments of error, the appellant abandons and refuses to discuss. The fourth specification of error, "That the court erred in overruling the appellant's motion for a new trial," calls in question the action of the court thereon. Counsel, under this assignment, for appellant, challenge the sufficiency of the evidence to support the verdict, and

Mason *v.* Brody *et al.*

call in question the correctness of the ruling of the court below in the alleged rejection of certain testimony. None of these questions are in the record, unless brought there by a bill of exceptions. *Guirl* v. *Gillett*, 124 Ind. 501. A document purporting to be the longhand manuscript of the evidence, with a certificate of the official stenographer attached, is certified with the record. This instrument has the formal caption of a bill of exceptions, and ends with the usual statement: "This was all the evidence given in the case." If it is improperly there, it constitutes no part of the record. The appellant's motion for a new trial was overruled on the 13th day of November, 1891, and appellant was given sixty days in which to file his bill of exceptions. The sixty days elapsed on the 12th day of January, 1892. It could not have been filed before January 27, 1892, for the shorthand reporter's manuscript of the evidence was not filed until that day, as appears from the stamp file mark of the clerk; besides, the formal conclusion of the bill of exceptions shows that it was not presented to the special judge, who presided at the trial, until said 27th day of January, 1892. In addition to this, the clerk in his certificate "certifies" that on the 27th day of January, 1892, "the official reporter who took down the evidence in said cause, filed in my office his typewritten manuscript thereof, which is the same manuscript of the evidence which is incorporated in the bill of exceptions made a part of the foregoing transcript." The shorthand reporter's manuscript of the evidence could not be incorporated in the bill of exceptions until after it had been first filed in the office of the clerk of the court in which the cause was tried. R. S. 1881, section 1410. So it is clear that this bill of exceptions was not filed nor presented to the judge for his signature until the 27th day of January, 1892, fifteen days after the time allowed by

the court for the filing had elapsed. This was too late. The bill of exceptions must be presented to the judge for his signature within the time limited by the court. *Joseph* v. *Mather*, 110 Ind. 114; *Bierly* v. *Harrison*, 123 Ind. 516; *White* v. *Gregory, by Next Friend*, 126 Ind. 95. Not only must the bill of exceptions be presented to the judge for his signature within the time given by the court, but the record must affirmatively show that the bill of exceptions was filed with the clerk. *Guirl* v. *Gillett, supra; Marley* v. *Noblett*, 42 Ind. 85; *Bargis* v. *Farrar*, 45 Ind. 41. The record presents none of the questions discussed for decision.

Judgment affirmed.

Filed Dec. 20, 1893.