Prather *et al. v.* Prather *et al.*

No. 16,997.

PRATHER ET AL. *v.* PRATHER ET AL.

BILL OF EXCEPTIONS.—*Failure to File With Clerk.*—*Not Properly in Record.*—If it does not appear that a bill of exceptions was filed with the clerk of the trial court, it is not properly in the record, and no question upon the evidence can be entertained.

From the Clark Circuit Court.

*L. A. Douglass* and *W. H. Talbott,* for appellants.

*M. Z. Stannard, H. A. Burtt* and *J. E. Taggart,* for appellees.

HACKNEY, C. J.—The appellee, Sarah Ann Prather, sued her coappellees and the appellants for partition and to charge the real estate with the value of certain improvements made thereon by her. The decree directed the sale of the lands as not susceptible of division, and gave the plaintiff a lien for $1,215 on account of improvements.

Several questions arising upon the evidence have been discussed by counsel, but objection is made to a consideration of such questions because of the insufficiency of the record to present the evidence.

The decree was rendered March 25, 1893, and sixty days were given in which to file bills of exceptions. The transcript contains what purports to be a bill of exceptions presented to and signed by the judge within the time allowed, but it does not appear that such bill was ever filed with the clerk.

Section 640, R. S. 1894 (section 629, R. S. 1881), makes it necessary not only that bills of exceptions shall be presented to and signed by the trial judge, but that they be filed in the cause. Elliott's App. Proced., section 805, p. 759; *Shulse* v. *McWilliams,* 104 Ind. 512; *Terre*

*Haute, etc., R. R. Co.* v. *Bissell,* 108 Ind. 112; *Guirl* v. *Gillett,* 124 Ind. 501; *Board, etc.,* v. *Huffman, Admr.,* 134 Ind. 1; *Mason* v. *Brody,* 135 Ind. 582.

The bill not being properly in the record we must decline to entertain any question upon the evidence.

The only remaining question presented and discussed by the appellants is as to the sufficiency of the complaint. The objection urged to the complaint is that it does not allege that the improvements for which claim was made by the plaintiff were paid for by the plaintiff. The allegation is "that she has made valuable and lasting improvements on said real estate, an itemized statement of which is as follows," stating in detail the extent and value of such improvements. In our opinion this allegation sufficiently meets the objection urged. However, the complaint is unobjectionable as stating a cause for partition independently of any claim for improvements, and is good against a demurrer.

The judgment of the circuit court is affirmed.

Filed Dec. 14, 1894.