Miller, Admx., *v.* Evansville and Indianapolis Railroad Co.

No. 17,388.

## MILLER, ADMX., *v.* EVANSVILLE AND INDIANAPOLIS RAILROAD CO.

BILL OF EXCEPTIONS.—*Filing, Independent Record Entry Of.*—A purported bill of exceptions will not be considered by the Supreme Court, in the absence of the entry in the transcript, independent of the bill, indicating that it was filed with the clerk below, as required by section 641, R. S. 1894.

APPELLATE PROCEDURE.—*Rehearing.—Certiorari.*—A rehearing will not be granted to enable the petitioner to secure an amendment of the transcript upon *certiorari*,

From the Daviess Circuit Court.

*T. H. Dillon*, for appellant.

*J. E. Iglehart, E. Taylor, Gardiner & Gardiner* and *F. B. Posey*, for appellee.

JORDAN, J.—Appellant, as the administratrix of Christopher C. Miller, instituted this action against the appellee for ten thousand dollars damages, arising out of the alleged wrongful killing of her said decedent.

The complaint is in two paragraphs, and alleges substantially that the railroad company, by its agent, carelessly, recklessly and negligently ran its locomotive engine backwards through the town of Petersburg, Indiana, at a speed of forty miles per hour in the night time, without headlight or lantern, and without giving any signals of its approach, and thereby negligently, recklessly and carelessly ran said locomotive against and over said Christopher C. Miller, whereby he was killed, etc.

The cause was put at issue by appellee filing an answer in denial, and on motion the venue was changed from the Pike Circuit Court to the Daviess Circuit Court. A trial in the latter before a jury resulted in a verdict in favor of appellee. Over appellant's motion for a new trial a judgment was rendered in favor of appellee, and sixty days were granted to appellant to prepare and file her bill of exceptions.

The only error assigned is that the court erred in overruling the motion for a new trial. Appellant argues and insists that the judgment is not sustained by the evidence, and is also contrary to law. Complaint is made in regard to certain instructions given to the jury ; and also in relation to the court's ruling in refusing to admit in evidence a copy of an ordinance of the town of Petersburg, regulating therein the running of railroad trains. These are the only questions which appellant seeks, by this appeal, to present for our decision. Upon an examination we find that the record presents none of the questions discussed by counsel for appellant. Incorporated into the transcript are what purport to be two bills of exceptions, one embracing the evidence and the other the instructions. Neither of these bills is properly before this court, for the reason that there is no entry independent of the

bills themselves to indicate that either was filed. Section 629, R. S. 1881 (section 641, R. S. 1894), renders it necessary to file the bill with the clerk of the trial court after it has been approved and signed by the judge. It is firmly settled by the decisions of this court that the transcript of the proceedings which comes to this court must affirmatively show, independent of the bill, that the latter was filed in the office of the clerk, and also the date of filing the same. *Board, etc.*, v. *Huffman, Admr.*, 134 Ind. 1 ; *Mason* v. *Brody*, 135 Ind. 582 ; *Prather* v. *Prather*, 139 Ind. 570 ; *Drake* v. *State*, (Ind.) 41 N. E. Rep. 799 ; Elliott App. Proced., section 805.

An entry or recital in the transcript at the proper place, substantially as follows (to be varied to conform to the facts in each particular case) is most generally and may be properly employed, to show the filing in vacation of the bill of exceptions and the date of filing thereof, to-wit : Be it remembered that afterward; to-wit : On the 30th day of October, 1895, the plaintiff (or defendant, as the case may be), filed in the clerk's office the following bill of exceptions in words and figures as follows : The bill should then follow, or appear as near as practicable, immediately after this recital. We merely suggest this in the hope that litigants who prosecute appeals to this court will at least endeavor to see that the record is so prepared as it will enable us to consider and decide, upon their merits, the questions involved.

As neither the evidence nor the instructions are in the record in the case at bar for the reason stated, we are compelled to affirm the judgment without consideration of the merits of the controversy.

Judgment affirmed.

## ON PETITION FOR REHEARING.

*Per Curiam.*—Counsel for the appellant has filed a petition for a rehearing, and urges that the same be granted, in order to permit his client to secure an amendment to the transcript, upon *certiorari*, showing that the bill of exceptions was properly filed. It is a settled rule in this court, supported by a long line of decisions, that a rehearing, generally speaking, will not be granted to enable the petitioner to secure a correction of the transcript. The duty rests upon parties or their counsel, in appeals to this court, to carefully examine the transcript and ascertain if the clerk has properly and correctly prepared the same, and, when necessary, to take timely steps to correct errors therein, and to obtain amendments thereto; and if they suffer judgment to be rendered upon a defective record, the fault must rest upon them. The fact that opposite counsel may not have discovered the infirmity existing in the record in no way requires this court to overlook the same, and consider questions upon their merits, which do not affirmatively appear by reason of the defective transcript. Parties are required and bound to exercise, at least, reasonable care and diligence, in appeals to this tribunal, to properly present the questions involved, before the cause is allowed to go into the hands of the court for a final determination.

Petition overruled.

Filed January 31, 1896.