WALBERT v. THE STATE.

[No. 1,974.    Filed April 6, 1897.]

APPEAL AND ERROR.—*Bill of Exceptions.*—The record must affirmatively show that the bill of exceptions was filed in the clerk's office of the court wherein the cause was tried after being signed by the judge.

SAME.—*Longhand Manuscript of Evidence.*—It must affirmatively appear from the record that the longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions.

AFFIDAVIT.—*Sufficiency of in an Action Against a Saloonkeeper for Allowing a Minor to Loiter in a Saloon.*—An affidavit against a saloonkeeper under section 5 of the act of 1895 (Acts 1895, p. 248), for allowing a minor to loiter in a saloon is not bad by reason of its failure to charge that the offense was "unlawfully" committed.

From the Wells Circuit Court.    *Affirmed.*

*Rinehart & Walbert,* for appellant.

*W. A. Ketcham,* Attorney-General, *Merrill Moores* and *Jay A. Hindman,* for State.

WILEY, J.—This was a prosecution commenced before the mayor of the city of Bluffton, under section 5323, Horner's R. S. 1896, being section 5 of the act

Walbert v. The State.

of 1895 (Acts 1895, p. 248), commonly known as the "Nicholson Law," and is as follows: "Any person engaged in the sale of spirituous, vinous, malt liquors or any intoxicating liquors to be drunk as a beverage, who shall allow, suffer or permit any person under the age of twenty-one years to loiter in the saloon or place of business where said person is engaged in the sale of spirituous, vinous, malt or other intoxicating liquors, as aforesaid, shall upon conviction thereof be fined in any sum not less than $10.00 nor more than $100.00, to which imprisonment in the county jail may be added not exceeding ninety days."

The affidavit charging the offense was as follows: "John Crosbie swears that one Elmer Walbert is and was on the 6th day of July, 1895, a person engaged in the sale of spirituous, vinous, malt and other intoxicating liquors to be drank as a beverage in Wells county, in the State of Indiana; that on said date said Walbert did then and there allow, suffer and permit one Jasper Feeser, a person under the age of twenty-one years, to loiter in the saloon where said Walbert is engaged in the sale of spirituous, vinous, malt and other intoxicating liquors as aforesaid."

There was a conviction before the mayor, an appeal to the circuit court, where appellant's motion to quash the affidavit was overruled, trial by jury, a finding of guilty, a fine of ten dollars assessed, and, over his motion for a new trial, judgment was pronounced on the verdict. To each of these adverse rulings appellant excepted, and on appeal to this court has assigned error as follows:

1. Overruling the motion to quash the affidavit.

2. Overruling the motion for a new trial.

The fourth, fifth, sixth, seventh, eighth, ninth and tenth reasons assigned for a new trial were alleged errors of the court in giving, giving as modified, and

in refusing to give certain instructions specified and mentioned therein.

The record contains what purports to be two bills of exceptions. Bill of exceptions number one contains certain instructions given, those modified and given, and those refused as tendered by appellant; but there is nothing in the record to show that these were all the instructions in the case. Bill of exceptions number two contains the longhand manuscript of the evidence as taken down and transcribed by the official reporter, and all of the rulings of the court in the admission and rejection of evidence, and the exceptions thereto. Both bills of exceptions are properly signed by the trial judge. The certificate of the clerk attached to the transcript is as follows: "I, Robert F. Cummins, clerk of the Wells Circuit Court, do hereby certify that the above and foregoing is a full, true and complete transcript of the proceedings, pleadings, papers, files, record entries and judgment in the above entitled cause as the same appear of record in my office. And I further certify that on the 19th day of October, 1895, the official reporter who took down the evidence in said cause, filed in my office his longhand manuscript thereof, which is the same manuscript of the evidence incorporated in the bill of exceptions made a part of the foregoing transcript."

The certificates of the trial judge show that he signed each bill of exceptions, October 19, 1895, the day the clerk certifies the longhand manuscript of the evidence was filed in his office. There is no file mark or certificate of the clerk to show or indicate that these bills of exceptions, after having been signed by the judge, were ever filed in the clerk's office.

Under the specific provision of the statute, and the repeated decisions of the Supreme and this court, the bills of exceptions are not properly in the record and

hence no question arising on the instructions or evidence is presented to us for review.

Section 641, Burns' R. S. 1894 (629, Horner's R. S. 1896), provides that "The party objecting must, within such time as may be allowed, present to the judge a proper bill of exceptions, which, if true, he shall promptly sign and cause it to be filed in the cause."

The record shows that the bills of exceptions were, within the time allowed, presented to the judge and duly signed by him. The provision of the statute quoted must be construed as meaning that such bills of exceptions must be filed in the clerk's office of the court wherein the cause was tried, and the record must affirmatively show such filing.

The certificate of the trial judge that the bill was signed by him is not sufficient to make such bill a part of the record. *Dehority* v. *Whitcomb,* 13 Ind. App. 558.

Where there is nothing in the record to show that a bill of exceptions was ever filed in the clerk's office, the bill is not properly in the record. *Evansville, etc., R. W. Co.* v. *Meadows,* 13 Ind. App. 155; *Davee* v. *State, ex rel.,* 7 Ind. App. 71; *Gish* v. *Gish,* 7 Ind. App. 104; *Prather* v. *Prather,* 139 Ind. 570; *Rivers* v. *State,* 144 Ind. 16; *Armstrong* v. *Dunn,* 143 Ind. 433; *Smith* v. *State,* 143 Ind. 685.

There is a further objection to bill of exceptions number two, in that it does not affirmatively appear from the record that the original longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in the bill, and this is essential. *Pittsburgh, etc., R. W. Co.* v. *Cope,* 16 Ind. App. 579; *Hamrick* v. *Loring* (Ind. Sup.), 45 N. E. 107; *Pruitt* v. *Farber,* 147 Ind. 1; *Kelso* v. *Kelso,* 16 Ind. App. 615; *Rogers* v. *Eich,* 146 Ind. 235.

Walbert v. The State.

To multiply authorities upon this proposition would be useless.

Under the authorities we have cited, the motion for a new trial and the evidence are not properly in the record, and, therefore, there is but one question presented for our consideration, and that is the sufficiency of the affidavit.

It is contended by appellant that his motion to quash the affidavit should have been sustained, for the reason that it does not charge that the offense was "unlawfully" committed.

We do not think this contention of appellant is tenable, and he has failed to cite any authority in support of it.

It is the settled law in this State that an affidavit or indictment in charging an offense is sufficient if it follows the language of the statute. *Franklin* v. *State*, 108 Ind. 47; *State* v. *Swope*, 20 Ind. 106; *State* v. *McClure*, 4 Blackf. 328; *State* v. *Murphy*, 21 Ind. 441; Gillett's Criminal Law, section 134.

In *State* v. *Murphy, supra*, which was a prosecution for assault and battery with felonious intent, the indictment was held good, though the word "unlawful" was omitted therefrom.

The statutory definition of an assault and battery is "Whoever in a rude, insolent or angry manner unlawfully touches another," etc.

It will be observed that the statute uses the word "unlawfully" in defining the offense. Yet, it was held that the affidavit was sufficient though it omitted the word "unlawfully," as it appeared from the affidavit as a whole that the acts charged were unjustifiable, or, in other words, unlawful.

In a prosecution for carrying a concealed weapon an information was held good where the offense charged was in the substantial language of the stat-

ute and the word "unlawfully" was omitted therefrom. *State* v. *Swope, supra.*

In a prosecution for disinterring a corpse, an indictment was held good without the use of the word "unlawfully." It was said, Blackford, J., speaking for the court: "The defendant further contends, that the indictment should have alleged the disinterment to be unlawful; but the term 'unlawful' is not used in the statute, and there can be no reason for inserting it in the indictment." *State* v. *McClure, supra.*

Guided by these authorities, and the plain language of the statute defining the offense with which the appellant is charged, we unhesitatingly reach the conclusion that the affidavit was sufficient, and that the court did not err in overruling the motion to quash.

Judgment affirmed.