## ELKINS *v.* BENNETT.

[No. 2,064.   Filed June 11, 1897.]

APPELLATE COURT.—*Jurisdiction in Causes Originating Before Justice of the Peace.*—The Appellate Court has no jurisdiction of an appeal from an order of the circuit court denying a motion to modify a judgment, where the case originated before a justice of the peace, and the amount in controversy, exclusive of interest and costs, does not exceed $50.00.   *p. 111.*

APPEAL AND ERROR.—*Bill of Exceptions.*—A purported bill of exceptions bearing filemarks of the clerk of the court below, found with the transcript, but not a part thereof, or referred to therein, or in any certificate of the clerk, cannot be considered on appeal.   *p. 112.*

From the Monroe Circuit Court.   *Appeal dismissed.*

*J. F. Morgan* and *J. E. Steele,* for appellant.

*R. A. Fulk* and *Edwin Corr,* for appellee.

BLACK, J.—In the transcript filed in this court there is set out the proceedings before a justice of the peace, in an action brought by the appellee against the appellant for money paid and labor done, wherein said justice of the peace rendered judgment for the plaintiff (the appellee) for $9.50.   The transcript also contains the proceedings in said cause upon appeal from the justice of the peace to the court below, showing that on the 17th of September, 1889, upon said appeal, the appellee recovered judgment in the court below against the appellant for $1.10, "together with his costs and charges in this behalf laid out and expended."

There is next set out in the transcript a motion of the appellant, filed in the court below on the 22d of November, 1895, to modify said judgment so rendered

in 1889, on said appeal from the justice of the peace, in which motion the appellant is designated as plaintiff, and the appellee is designated as defendant.

In this motion, after showing the rendition of the judgment before the justice, and of that entered on appeal "reducing the judgment recovered in the justice of the peace court more than five dollars," it is stated that "this plaintiff as defendant in said action ought to have recovered his costs in the circuit court, and did recover his costs in the circuit court; that through the mistake and inadvertence of the clerk of said court said judgment was erroneously entered against this plaintiff, as defendant in said action, for costs." The form of the judgment as rendered is set out, and it is stated that the record "intended and ordered by the court should have been entered as follows: 'It is therefore ordered and decreed by the court that the plaintiff recover of the defendant $1.10, and that the defendant recover of the plaintiff his costs and charges laid out and expended in said action.' Wherefore plaintiff moves the court to correct and modify said judgment accordingly, and all other proper relief."

The only alleged error assigned in this court is the overruling of the appellant's motion to modify and correct the judgment.

It was not shown or asserted that there was any incorrectness in the costs as taxed. The motion was not one for the taxation of the costs. It was a motion for the modification of the judgment for costs, made more than six years after the rendition of the judgment.

This court has not jurisdiction of appeals from judgments rendered in cases which originated before a justice of the peace, in which the amount in controversy, exclusive of interest and costs, does not exceed

$50.00. Section 1336, Burns' R. S. 1894 (6562a, Horner's R. S. 1896).

This court, therefore, could not have jurisdiction of this appeal merely on the ground that the motion was one incident to a judgment rendered in an action commenced before a justice of the peace; for the amount of the judgment rendered upon the cause of action was less than $50.00.

No question was made in relation to any part of the original judgment, except the portion relating to costs, the amount of which is not shown.

No exception was saved to the ruling upon the motion. The record does not contain any bill of exceptions, or show that one was filed. We find with the transcript, but not a part thereof, or referred to therein, or in any certificate of the clerk, what purports to be a bill of exceptions, bearing file marks of the clerk of the court below. No notice could be taken by this court, in any case, of such a bill.

The record before us does not show the appeal to be within the jurisdiction of this court, or of the Supreme Court.

The appeal is dismissed.