DENMAN v. WARFIELD, ADMINISTRATOR.

[No. 2,586. Filed October 6, 1898.]

APPEAL AND ERROR.—*Record.*—*Bill of Exceptions.*—The record must affirmatively show the filing of the bill of exceptions in the clerk's office; the recital of the filing in the bill itself is not sufficient.

From the Fountain Circuit Court. *Affirmed.*

*Livengood, Livengood & Dice,* for appellant.

*Nebeker & Simms,* for appellee.

HENLEY, C. J.—Appellee brought this action in the lower court against appellant by a complaint in three paragraphs upon three separate promissory notes, which are described in the complaint, and copies of the same filed therewith. To this complaint appellant filed an answer containing four paragraphs, the first of which is a general denial, the second a plea of pay-

ment, the third that the notes in suit were given without any consideration, and the fourth paragraph of answer sets up in detail a settlement between appellant and appellee's decedent, by which the notes in suit were canceled. Appellee's demurrer to the fourth paragraph of answer was overruled, and he filed a reply denying the material allegations of appellant's answer. Upon the issues thus formed, the same was submitted to the court for trial without the intervention of a jury. By request of appellant the court found the facts specially, and stated its conclusions of law thereon, and rendered judgment in favor of appellee. Appellant filed a motion for a new trial, which was overruled. The errors assigned to this court are: (1) That the court erred in overruling appellant's motion for a new trial; (2) that the court erred in the conclusions of law stated upon the special findings of fact.

The special findings made by the court were as follows: "(1) The court finds that on the 5th day of November, 1872, the defendant executed to the plaintiff's intestate his note for ninety dollars; that the same was given for a valuable consideration, and has never been paid, and that there is now due on the same the sum of two hundred and nine dollars and twenty-five cents. (2) The court further finds that on the 19th day of January, 1884, the defendant executed his note to the plaintiff's intestate for the sum of two hundred and six dollars; that the same was given for a valuable consideration, which remains unpaid, and that there is now due on the same the sum of four hundred and eighteen dollars and fifty cents of principal and interest, and fifty dollars attorney's fees. (3) The court further finds that on the 10th day of February, 1883, the defendant executed his note to Nancy Denman for the sum of eighteen dollars; that Nancy Denman was the wife of plaintiff's intestate, Absalom J. Denman,

and that she died in April, 1884, intestate, and that no letters of administration were taken out on the estate of said Nancy J. Denman. (4) The court further finds that the plaintiff's intestate died on the 28th day of June, 1896, and that the plaintiff was, in the month of August, 1896, duly appointed as administrator of his estate by this court, and that at the time of the bringing of this action the defendant was a nonresident of the State of Indiana, and was a resident of the state of Illinois. [Signed] Joseph M. Rabb, Judge." Upon the facts so found, the court stated as its conclusions of law that appellee was entitled to recover upon the two notes found to have been executed by appellant to appellee's intestate, in the sum of $667.70, but that appellee was not entitled to recover on the note executed by appellant to Nancy Denman.

Appellant in his argument for the reversal of the judgment in this cause, depends entirely on the first specification of the assignment of errors, which raises the correctness of the ruling of the lower court in overruling appellant's motion for a new trial, and all questions discussed by counsel for appellant in their brief would require for their solution the presence of the evidence. Incorporated into the transcript is what purports to be a bill of exceptions containing the evidence, but there is no entry in the record indicating that the bill of exceptions was filed with the clerk. The cases in this State have uniformly held that the record must affirmatively show the filing of the bill of exceptions in the clerk's office, and that the recital of the filing in the bill itself is not sufficient. The simple manner in which it shall be done is also pointed out by statute. Acts 1897 p. 244. In the case of *Miller, Admx.,* v. *Evansville, etc., R. R. Co.,* 143 Ind. 570, it was said by Jordan, J.: "Upon an examination we find that

the record presents none of the questions discussed by counsel for appellant. Incorporated into the transcript are what purport to be two bills of exceptions, one embracing the evidence, and the other the instructions. Neither of these bills is properly before this court, for the reason that there is no entry independent of the bills themselves to indicate that either was filed. Section 629 R. S. 1881, renders it necessary to file the bill with the clerk of the trial court after it has been approved and signed by the judge. It is firmly settled by the decisions of this court that the transcript of the proceedings which comes to this court must affirmatively show, independent of the bill, that the latter was filed in the office of the clerk, and also the date of filing the same. *Board, etc., v. Huffman,* 134 Ind. 1; *Mason v. Brody,* 135 Ind. 582; *Prather v. Prather,* 139 Ind. 570; *Drake v. State,* 145 Ind. 210; Elliott App. Proc. section 805.

"An entry as recited in the transcript at the proper place, substantially as follows (to be varied to conform to the facts in each particular case) is most generally, and may be properly employed, to show the filing in vacation of the bill of exceptions and the date of filing thereof, to wit: Be it remembered that afterward, to wit: On the 30th day of October, 1895, the plaintiff (or defendant, as the case may be), filed in the clerk's office the following bill of exceptions in words and figures as follows: The bill should then follow or appear as near as practicable, immediately after this recital. We merely suggest this in the hope that litigants who prosecute appeals to this court will at least endeavor to see that the record is so prepared as it will enable us to consider and decide upon their merits, the questions involved." Also see to the same effect *Downey v. Head,* 138 Ind. 503; *Pittsburg, etc., R. W. Co. v. O'Brien,* 142 Ind. 218. The question here involved

was also thoroughly discussed in strong and pertinent language by Justice McCabe, in the case of *Salem Bedford Stone Co.* v. *Hobbs, Admr.*, 144 Ind. 146. It is also argued by appellee's counsel that the motion for a new trial presents no question to this court, but, as the bill of exceptions is not in the record, for the reasons given, the judgment will have to be affirmed, and it is unnecessary to prolong this opinion by a discussion of other questions. Judgment affirmed.