Reid v. Town of Sullivan.

---

REID *v.* TOWN OF SULLIVAN.

[No. 3,037.   Filed February 23, 1900.]

APPEAL AND ERROR.—*Bill of Exceptions.—Delay of Judge.*—Where a bill of exceptions was not filed within the time allowed, it is not properly a part of the record on appeal, although a memorandum was indorsed thereon by the judge to the effect that the bill was presented to him before the expiration of the time.

From the Sullivan Circuit Court.    *Affirmed.*

*J. C. Briggs* and *J. W. Lindley*, for appellant.
*John S. Bays*, for appellee.

HENLEY, J.—Action by appellant to recover damages alleged to have been sustained by reason of water getting into the basement or excavation under his mill, on account of the negligence of appellee in not providing drains of sufficient capacity to carry away the water. The only question presented by the assignment of errors arises upon the motion for a new trial. It is contended by counsel for appellee that the bill of exceptions is not in the record. The judgment was rendered against appellant on the 2nd day of February, 1898, and ninety days' time was given him in which to prepare and file his bill of exceptions. On the 9th day of December, 1898, almost a year from the time of the rendition of the judgment, appellant filed his bill of exceptions in the clerk's office of the Sullivan Circuit Court. The judge's certificate at the end of the bill of exceptions certifies that it was signed, sealed, and made a part of the

record December 3, 1898. On the outside of the body of the bill of exceptions, and below the certificate of the judge, is the following memorandum: "Came to hand March 28, 1898. William W. Moffitt, Judge."

Under the well established rule in this State, the bill of exceptions is not in the record, and no question is presented for the consideration of this court under appellant's assignment of errors. It has been often held by the Supreme and Appellate Courts that a memorandum of the date of presentation of the bill, not within the bill of exceptions itself, although signed by the judge, does not meet the requirements of §629 R. S. 1881. *Hormann* v. *Hartmetz*, 128 Ind. 353; *Stoner* v. *Louisville, etc., R. Co.*, 6 Ind. App. 226; *Franklin, etc., Co.* v. *Rouse*, 7 Ind. App. 669; *Plotz* v. *Friend*, 5 Ind. App. 146.

The record presents no question to this court for decision. The judgment is affirmed.