## HOFFMAN ET AL. v. ISLER ET AL.

[No. 7,683. Filed January 24, 1912.]

1. EXCEPTIONS, BILLS OF.—*Filing of.—How Shown.*—A bill of exceptions must be duly signed by the judge and filed within the time granted therefor; and the filing must be shown by an independent order-book entry, or by the certificate of the clerk. p. 286.

2. EXCEPTIONS, BILLS OF.—*Filing of.—How Shown.—Certificate of Clerk.*—A clerk's certificate to the transcript on appeal stating that such transcript contains "true and complete copies of all the papers and entries in said cause," and that on a certain day the official reporter filed in his office the "longhand manuscript thereof, which is the same manuscript of the evidence incorporated in the bill of exceptions, made part of the foregoing transcript," does not sufficiently show that the bill of exceptions was filed in the clerk's office. p. 286.

3. APPEAL.—*Bills of Exceptions.—Failure to File.—Effect.*—The failure of the transcript to show a proper filing of the bill of exceptions containing the evidence precludes the consideration on appeal of any question depending upon the evidence. p. 287.

4. EXCEPTIONS, BILLS OF.—*Filing.—How Shown.—File Marks.*—Placing the clerk's file mark upon a bill of exceptions does not sufficiently show that such bill was filed. p. 287.

5. EXCEPTIONS, BILLS OF.—*Signing.—Filing.*—The official reporter's signature attached to a longhand manuscript, followed by the judge's certificate that the "plaintiff now tenders this his bill of exceptions, and prays that it may be signed, sealed and made part of the record, which is done," does not constitute such document a bill of exceptions nor show the filing thereof as required by law. p. 287.

6. APPEAL.—*Determination of Case.—Presumptions.*—The presumption on appeal is that the trial court's rulings were correct. p. 288.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by George O. Hoffman and another against Jonathan Isler and another. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*J. H. Neff, E. T. Reasoner* and *Albert Ward,* for appellants.

*McConnell, Jenkines, Jenkines & Stuart* and *Cox & Andrews,* for appellees.

FELT, C. J.—This is a consolidation of two cases instituted in the Miami Circuit Court by George O. Hoffman, in his individual capacity, and George O. Hoffman, as administrator of the estate of Bertha J. Hoffman, deceased, against Jonathan Isler and Homer Isler, to recover damages for an alleged wrong which caused the death of said Bertha J. Hoffman. The venue of both cases was changed to the Cass Circuit Court, where they were consolidated and tried together.

It was charged in the complaint that Jonathan Isler caused the arrest of said Hoffman on the charge of selling mortgaged property; that Homer Isler, at the direction of Jonathan Isler, went to the Hoffman house and read a part of a chattel mortgage to Hoffman's wife, Bertha J. Hoffman, and demanded possession of the property therein described; that the excitement produced by his demands caused a nervous collapse and serious illness from which she died.

A jury was waived, and the case tried by the court, which found for appellees. A motion for a new trial was overruled and this appeal taken.

The only error assigned is the ruling on the motion for a new trial.

Appellees insist that the evidence is not properly in the record, and that no question is presented for decision, since the grounds of the motion for a new trial are as follows: (1) The decision is contrary to law; (2) the decision was not sustained by sufficient evidence; (3) the improper admission and exclusion of evidence.

To bring the evidence into the record it is necessary to show that the bill of exceptions containing the longhand manuscript thereof was signed by the judge and duly filed within the time fixed. The filing should be shown by a record entry independent of the bill itself, but it has been held that it may also be shown by the clerk's certificate. §660 Burns 1908, §629 R. S. 1881; Elliott, App. Proc. §§804, 805; *Miller* v. *Evansville, etc., R. Co.* (1896), 143 Ind. 570; *Taylor* v. *Canaday* (1901), 155 Ind. 671; *Howe* v. *White* (1904), 162 Ind. 74; *Indiana, etc., R. Co.* v. *Lynch* (1896), 145 Ind. 1; *De Hart* v. *Board, etc.* (1896), 143 Ind. 363; *Guirl* v. *Gillett* (1890), 124 Ind. 501.

There is attached to the record in this case what purports to be a bill of exceptions, properly signed by the trial judge, into which is incorporated a transcript of the evidence, but there is no order-book entry showing that such bill of exceptions was ever filed with the clerk of the Cass circuit court.

In the case of *Howe* v. *White, supra,* it is said: "The fact that the bill was filed in the cause, and the date of such filing, must be shown either by an entry of record or by the certificate of the clerk."

The certificate of the clerk attached to the record, omitting caption and formal conclusion, is as follows: "I, Edward Hankee, clerk of the Cass circuit court, in said State, do hereby certify that the above and foregoing transcript contains true and complete copies of all the papers and entries in said cause. I further certify that on October 28, 1909, the official reporter, who took down the evidence in said cause, filed in my office his longhand manuscript thereof, which is the same manuscript of the evidence incorporated in the bill of exceptions, made part of the foregoing transcript."

While the certificate shows the filing of the longhand manuscript of the evidence, it does not show that the bill of exceptions was filed, and this is a fatal omission in the

absence of an order-book entry showing such filing. *Richardson* v. *Dawson* (1901), 157 Ind. 187; *Bingle* v. *State* (1903), 161 Ind. 369; *Morgan* v. *East* (1892), 4 Ind. App. 507; *Veneziani* v. *Morrissey* (1903), 161 Ind. 391.

If it does not appear that a bill of exceptions containing the evidence was filed with the clerk of the trial court,

3. it is not properly in the record, and no question upon the evidence can be considered. *McGinnis* v. *Boyd* (1896), 144 Ind. 393; *Miller* v. *Evansville, etc., R. Co.* (1896), 143 Ind. 570; *Prather* v. *Prather* (1894), 139 Ind. 570; *Denman* v. *Warfield* (1898), 20 Ind. App. 664; *Walbert* v. *State* (1897), 17 Ind. App. 350.

The instrument purporting to be a bill of exceptions bears upon its first page, or caption, a stencil file

4. mark, but such filing is insufficient to meet the requirements of the statute. *Board, etc.,* v. *Huffman* (1892), 134 Ind. 1, 7; *Denman* v. *Warfield, supra; Steeg* v. *Walls* (1892), 4 Ind. App. 18; *Elkins* v. *Bennett* (1897), 18 Ind. App. 110.

The instrument referred to by counsel as the bill of exceptions is simply the longhand manuscript of the evidence, preceded by a caption showing the names of the par-

5. ties, the court, and the presiding judge, and, after the evidence, the certificate of the official reporter and the trial judge. In the certificate of the trial judge it is stated that the "plaintiff now tenders this his bill of exceptions, and prays that it may be signed, sealed and made a part of the record, which is done this October 28, 1909," but this does not make it a bill of exceptions, or show that it was filed as the law requires.

In the case of *Miller* v. *Evansville, etc., R. Co., supra*, on page 572, it is said: "It is firmly settled by the decisions of this court that the transcript of the proceedings which comes to this court must affirmatively show, independent of the bill, that the latter was filed in the office of the clerk, and also the date of filing the same."

In the case last cited the court gave a form suitable to be used in most cases in preparing and presenting bills of exceptions. While there may be variation in form, the courts cannot disregard statutory requirements many times announced and explained by the decisions.

The condition of this record is such that no questions are presented for our decision by the assignments of error.

6.   The presumption is in favor of the trial court, and available error must be presented in the manner prescribed by the law, or the judgment will be affirmed.

The briefs of appellant are assailed as not complying with the rules of this court, and while we have not considered the case from this standpoint, we may say there is ground for such objection.

From the briefs presented on both sides, we are impressed with the idea that the trial court reached a correct conclusion on the facts of the case, and that the judgment would have to be affirmed on its merits were the questions properly presented.

Judgment affirmed.