## GRABOWSKI v. BENZSA ET AL.

[No. 11,622.    Filed June 21, 1923.]

1. APPEAL.—*Questions Reviewable.*—*Ruling on Motion for New Trial.*— *Absence of Evidence from Record.*— Specifications of error in a motion for a new trial that the verdict is not sustained by sufficient evidence and is contrary to law, and that the damages are excessive, cannot be considered on appeal in the absence of the evidence from the record. p. 216.

2. APPEAL.— *Bill of Exceptions.*— *Incorporating in Record.*— *Filing.*—After a bill of exceptions has been signed by the trial judge, it must be filed in the office of the clerk of the trial court in order to make it a part of the record. p. 216.

3. APPEAL.— *Bill of Exceptions.*— *Incorporating in Record.*— *Presentation to Trial Judge.*—*Filing.*—If a bill of exceptions is presented to the trial judge for his approval within the time allowed for filing, it will become a part of the record if duly signed and filed, although each of such acts is done after the expiration of such time. p. 216.

4. APPEAL.—*Bill of Exceptions.*—*Filing.*—*Showing of by Transcript.*—The transcript must show affirmatively, independently of the bill of exceptions, that the bill was filed in the office of the clerk of the trial court, and the date of such filing. p. 216.

5. APPEAL.—*Bill of Exceptions.*—*Filing.*—*Showing of by Transcript.*—*Entries.*—*Sufficiency.*—A transcript showing that the bill of exceptions was duly presented to, and approved by, the trial judge within the time allowed, with a further recital that on the date stated defendant "left in the office of the clerk of this court, the following bill of exceptions containing the evidence," *held* to show sufficiently that the bill was duly filed. p. 217.

6. RECORDS.—*Filing.*—Filing consists of the delivery of a paper to the proper officer for the purpose of being kept on file by him in the proper place. p. 217.

7. JUSTICES OF THE PEACE.—*Jurisdiction.*—*Real Actions.*—A justice of the peace has no jurisdiction in actions for the possession of real estate, except in cases where the relation of landlord and tenant exists and the action is against a tenant holding over, and in cases of forcible entry and detainer, and forcible detainer; hence, a justice of the peace had no jurisdiction of an action in ejectment and for damages based on an alleged breach of a contract of partnership between the parties for the purpose of engaging in business on the land in ques-

tion, so that a writ of restitution issued in such action was void, and could not serve to justify a forcible eviction.  p. 219.

8. JUSTICES OF THE PEACE.—*Judgments.*—*Collateral Attack.*— *Lack of Jurisdiction.*—A judgment of a justice of the peace in an action in ejectment of which such officer had no jurisdiction was void and subject to collateral attack.  p. 219.

9. PARTNERSHIP.—*Actions between Partners.*—*Wrongful Eviction without Partnership Settlement.*—Although, in the absence of a statutory provision, express promise or fraud, an action *ex contractu* at law, as distinguished from an action in equity, is not maintainable between partners with respect to partnership transactions unless there has been an accounting or settlement of the partnership affair, an action by one partner against another for wrongful eviction from land on which it was intended to pursue the partnership business was not precluded on the theory that damages arising from the eviction was proper to be considered in a partnership accounting, where goods removed from the land and detained several days were not partnership property, and the partner evicted was deprived of his liberty and suffered bodily harm and was greatly humiliated.  p. 220.

10. EJECTMENT.—*Wrongful Eviction.*—*Liability.*—*Personal Participation by Defendant.*—In an action for wrongful eviction and damages for detention of personal property and for depriving plaintiff of his liberty, it was not necessary to show that defendant personally laid hands on plaintiff or his property, it being sufficient if defendant aided and abetted therein by being present and giving encouragement.  p. 221.

11. EJECTMENT.—*Wrongful Eviction.*—*Excessive Damages.*—In an action for wrongful eviction, a verdict for $600 *held* not excessive, where plaintiffs' personal property was detained for several days and plaintiffs were deprived of their liberty and suffered great humiliation.  p. 222.

12. EJECTMENT.—*Wrongful Eviction.*—*Measure of Damages.*— In an action for wrongful eviction and damages for detention of personal property and for depriving plaintiffs of their liberty and subjecting them to great humiliation, they were entitled to recover compensation, not only for the actual injury to their goods and for actual inconvenience and expense sustained in being deprived of their use and in retaking them, but also for any bodily or mental suffering or anguish, injury to their pride, and for any sense of shame and humiliation arising from their eviction.  p. 222.

13. APPEAL.— *Review.*— *Amount of Recovery.*— The court on appeal will not reverse a judgment on the ground of excessive

damages unless the amount is so large as to induce the belief that the jury was actuated by prejudice, partiality or corruption, or unless it should appear that some improper element was taken into account in determining the amount of the award. p. 222.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Action by Steve Benzsa and another against Teofil H. Grabowski and another. From a judgment for plaintiffs, the named defendant appeals. *Affirmed.*

*George P. Rose,* for appellant.
*George E. Hershman,* for appellees.

BATMAN, J.—This is an action by appellees against appellant and others growing out of an alleged wrongful eviction from certain real estate. The complaint was answered by a general denial. The cause was submitted to a jury for trial, pending which appellees dismissed their cause of action against all defendants, except appellant and one Wellner, against whom the jury returned a verdict for $600, and on which judgment was rendered. Appellant and said Wellner filed their joint and separate motion for a new trial, which was overruled, and this appeal followed on an assignment of errors by appellant alone, challenging the action of the court in overruling his motion for a new trial, and in refusing to enter an order *nunc pro tunc,* showing a filing of his bill of exceptions containing the evidence. In view of the conclusion we have reached any error in the latter action of the court was harmless, and hence we will confine our consideration to the alleged error in overruling appellant's motion for a new trial.

The only recognized reasons for a new trial in actions of this kind properly stated in appellant's motion therefor are, that the verdict is not sustained by sufficient evidence and is contrary to law, and that the damages assessed are exces-

sive. It is apparent that no one of these reasons can be considered, without the presence of the evidence in the record, and, therefore, we must first consider appellees' contention in that regard, which is based on a claim that the record does not disclose that the bill of exceptions containing the evidence was duly filed, as the statute requires. It is well settled, that after a bill of exceptions has been signed by the trial judge, it must be filed in the office of the clerk of the trial court in order to make it a part of the record, but, if such a bill is presented to the trial judge for his approval, within the time allowed for its filing, it will become a part of the record, if duly signed and filed, although each of such acts is done after the expiration of such time. *Elrod* v. *Purlee* (1905), 165 Ind. 239, 73 N. E. 589, 74 N. E. 1085; *King* v. *State* (1916), 185 Ind. 312, 114 N. E. 34; *Warner* v. *Marshall* (1905), 166 Ind. 88, 75 N. E. 582; *Malott* v. *Central Trust Co.* (1906), 168 Ind. 428, 79 N. E. 369, 11 Ann. Cas. 879; *Franklin, etc., Co.* v. *Rouse* (1893), 7 Ind. App. 669, 35 N. E. 29; *Brown* v. *American Steel, etc., Co.* (1909), 43 Ind. App. 560, 88 N. E. 80; *Zollman* v. *Baltimore, etc., R. Co.* (1918), 70 Ind. App. 395, 121 N. E. 135. It is also well settled that the transcript must show affirmatively, independent of such bill, that it was filed in the office of the clerk of the trial court, and the date of such filing. *Miller, Admx.,* v. *Evansville, etc., R. Co.* (1895), 143 Ind. 570, 41 N. E. 801, 42 N. E. 806; *Denman* v. *Warfield, Admr.* (1898), 20 Ind. App. 664, 51 N. E. 345.

In the instant case the transcript shows that the bill of exceptions containing the evidence was duly presented to, and approved by, the trial judge, on September 28, 1922, which was within the time given therefor. The transcript also shows the

following, the date mentioned therein being after the expiration of such time: "And on the 30th day of October, 1922, the defendant, T. H. Grabowski, left in the office of the clerk of this court, the following bill of exceptions containing the evidence." Under these facts, it only remains to be seen if such a showing is sufficient to warrant us in holding that the record discloses that such bill was duly filed, as the statute provides. It has been recently held that: "Filing consists of the delivery of a paper to the proper officer for the purpose of being kept on file by him in the proper place." *Thompson* v. *State* (1921), 190 Ind. 363, 130 N. E. 412. The following are substantially to the same effect: *Hammond, etc., Electric R. Co.* v. *Antonia* (1908), 41 Ind. App. 335, 83 N. E. 766; *Cleveland, etc., R. Co.* v. *Morrey* (1909), 172 Ind. 513, 88 N. E. 932; *Meek* v. *State* (1909), 172 Ind. 654, 88 N. E. 299, 89 N. E. 307; *Gfroerer* v. *Gfroerer* (1910), 173 Ind. 424, 90 N. E. 757. From the language quoted above it may be reasonably implied, that appellant delivered the bill in question to the clerk of the trial court, as "the office of the clerk" evidently refers to the official custody of such officer, rather than merely the room in which he discharges the duties of his office. If it was delivered to him on the date mentioned, we must presume it was not done as an idle act, but for some purpose, the contrary not appearing. The only reasonable purpose apparent is, that it should be kept on file by such clerk as a part of the record in the cause. The clerk could not have failed to understand that such was appellant's purpose in delivering the bill to him, as the certificate of the judge appended thereto, authorized such filing, when properly presented to him. *Rose* v. *Chicago, etc., R. Co.* (1914), 181 Ind. 658, 105 N. E. 241. We do not give the language quoted our full approval, as a form

for showing the filing of a bill of exceptions, but never-theless we consider it sufficient to show that the bill in question was duly filed, and therefore a part of the record in the cause.

Having determined that appellant's bill of exceptions containing the evidence is in the record, we will now consider his contention that the verdict is not 7, 8. sustained by the evidence and is contrary to law.

In making this contention he does not deny the forcible eviction alleged, but seeks to justify the same on the ground that it was done in pursuance of a valid writ of restitution, with no unnecessary force. This writ was issued on a judgment rendered in the court of a justice of the peace of the county in which the real estate in question is located. The record in that cause, which includes the complaint on which the judgment was rendered, was introduced in evidence. *Mitten* v. *Caswell-Runyan Co.* (1912), 52 Ind. App. 521, 99 N. E. 47. It discloses, in harmony with appellant's re-peated assertions in his briefs and oral argument, that such action was one in ejectment and for damages based on an alleged breach of a contract of partnership en-tered into between appellant and appellees for the pur-pose of engaging in the chicken business on the real estate in question. It is well settled that a justice of the peace in this state has no jurisdiction in actions for the possession of real estate, except in cases where the relation of landlord and tenant exists and the action is against a tenant holding over, and in cases of forcible entry and detainer, and forcible detainer. *Burgett* v. *Bothwell* (1882), 86 Ind. 149; *Blair* v. *Porter* (1894), 12 Ind. App. 296, 38 N. E. 874, 40 N. E. 81; *Bern-hamer* v. *Hoffman* (1899), 23 Ind. 34, 54 N. E. 132. This being true, it is obvious that the justice of the peace, rendering the judgment on which the writ of

restitution in question was issued, was without juris-
diction of the subject matter involved, and hence such
judgment was void and subject to collateral attack.
*Larimer* v. *Krau* (1914), 57 Ind. App. 33, 103 N. E.
1102, 105 N. E. 936; *Davenport Mills Co.* v. *Chambers*
(1896), 146 Ind. 156, 44 N. E. 1109; *Shockney* v. *Smiley*
(1895), 13 Ind. App. 181, 41 N. E. 348; *Friebe* v. *Elder*
(1914), 181 Ind. 597, 105 N. E. 151. It follows that
the writ of restitution in question was invalid, and,
therefore, cannot serve to justify the forcible eviction
alleged and proved.

Appellant also relies on the well recognized general
rule to the effect that, in the absence of a statutory pro-
vision, express promise or fraud, an action *ex*

9. *contractu* at law, as distinguished from an ac-
tion in equity, is not maintainable between part-
ners with respect to partnership transactions, unless
there has been an accounting or settlement of the part-
nership affairs. Based on this general rule he contends
that since the house from which appellees were evicted
was occupied by them pursuant to their said contract
of partnership, any damage to them arising from such
eviction was proper to be considered in an accounting
of their partnership affairs, and hence this action could
not be maintained. In making this contention appel-
lant has evidently overlooked the fact that the goods
removed from the house in question and held from the
possession of appellees for several days, was not part-
nership property, but appellees' individual property,
with no agreement that it was to be used in the part-
nership; and that the evidence tends to show, that one,
if not both of the appellees, was deprived of his liberty,
and suffered bodily harm at the hands of those who
made such eviction, and that both were greatly humili-
ated by the treatment they received at their hands dur-

·ing its progress. Certainly this is not a transaction respecting the partnership business within the general rule stated above. We cite the following as bearing on the question under consideration. *Crossley* v. *Taylor* (1882), 83 Ind. 337; *Newby* v. *Harrell* (1887), 99 N. C. 149, 5 S. E. 284, 6 Am. St. 503; *Haller* v. *Williamowicz* (1861), 23 Ark. 566; *Gilliam* v. *Loeb* (1908), 131 Mo. App. 70, 109 S. W. 835.

In order to render appellant liable for the wrongful acts charged, it is not necessary that the evidence should show that he personally laid hands upon either of the appellees or their property. It suffices if he aided and abetted therein, by being present and giving encouragement. 5 C. J. 626; 26 R. C. L. 961; *Little* v. *Tingle* (1866), 26 Ind. 168; *Hunt* v. *Di Bacco* (1910), 69 W. Va. 449, 71 S. E. 584; *Brink* v. *Purnell* (1910), 162 Mich. 147, 127 N. W. 322, Ann. Cas. 1912A 829; *Weaver* v. *Ficke* (1917), 174 Ky. Law Rep. 432, 192 S. W. 515; *Broyles* v. *Pioneer Cooperage Co.* (1919), (Mo.) 208 S. W. 122. The evidence tends strongly to show that he procured the issuance of the invalid writ of restitution, went to the premises in question with the officer and his deputies, was present when the several wrongful acts alleged occurred, and not only failed to enter any protest, but offered encouragement to the aggressive participants. Therefore, he cannot escape liability on the ground of nonparticipation. After a consideration of all of appellant's contentions we are clearly of the opinion that there is some evidence to sustain every essential element of appellees' right of recovery, which is sufficient in that regard on appeal. We are also of the opinion that the verdict is not contrary to law.

Appellant finally contends that the damages assessed are excessive. In considering this contention it should

be borne in mind that appellees, if the jury found in their favor, were entitled to recover compensation, not only for the actual injury to their goods, if any, and for the actual inconvenience and expense sustained in being deprived of their use, and in retaking the same, but also for any bodily or mental suffering or anguish, injury to their pride, and for any sense of shame and humiliation arising from being forcibly ejected from their home, and turned out on the public street. *Moyer* v. *Gorden* (1887), 113 Ind. 282, 14 N. E. 476; *McCarty* v. *Kinsey* (1900), 154 Ind. 447, 57 N. E. 108. Moreover, we would not be justified in reversing the judgment on this ground unless the amount is so large as to induce the belief that the jury was actuated by prejudice, partiality or corruption, or it should appear that some improper element was taken into account in its determination. *Jeffersonville Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 102 N. E. 21; *Kawneer Mfg. Co.* v. *Kalter* (1918), 187 Ind. 99, 118 N. E. 561. An application of this rule leads us to conclude that appellant's contention is not well taken. We failed to find any reversible error in overruling appellant's motion for a new trial, and, therefore, the judgment is affirmed.